**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| **NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION and THE ADMINISTRATOR OF THE NEW JERSEY SPILL COMPENSATION FUND,** | : : : : : : | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY** |
| Plaintiffs, | : | **Hon. Harold A. Ackerman** |
| v. | : : | **Civil Action No. 06-1753 (HAA)** |
| **VIACOM, INC., PHILLIPS ELECTRONICS NORTH AMERICA CORPORATION, "ABC CORPORATIONS" 1-10 (Names Fictitious), and "John Does" 1-10 (Names Fictitious),** | : : : : : : : : | **REPORT AND RECOMMENDATION** |
| Defendants. | : : | |

This matter comes before the Court on the motion of the plaintiffs, New Jersey Department of Environmental Protection and the Administrator of the New Jersey Spill Compensation Fund to remand the action to the Superior Court of New Jersey. For the reasons set forth herein, it is respectfully recommended that the case should be remanded to state court.

## PROCEDURAL HISTORY

On February 17, 2006, plaintiffs filed suit in the Superior Court of New Jersey, Law Division, Essex County. The three count complaint seeks relief under the New Jersey Spill Act as well as common law nuisance and trespass. The complaint alleges contamination of ground water and soil by defendants, over a period beginning in

1936 and continuing to the present. Plaintiffs allege that defendants discharged at least ten different chemicals over the time period in question.

On April 6, 2006, defendant CBS Corporation (the predecessor-in-interest to defendant Viacom, Inc. and the successor-in-interest to Westinghouse Electric and Manufacturing Company) filed a notice of removal pursuant to 28 U.S.C. §1442(a)(1), the federal officer removal statute. CBS contends that between the years of 1941 and 1943, the Bloomfield, New Jersey site, which is the subject of this suit, was used to manufacture uranium for the Manhattan Project under the direction of the Federal Office of Scientific Research and Development ("OSRD") and the Manhattan Engineer District ("MED"). On May 8, 2006, Plaintiffs moved to remand the case arguing that CBS did not meet the requirements of the statute.

## DISCUSSION

**The Federal Officer Removal Statute**

28 U.S.C. §1442(a)(1), which is known as the "federal officer removal statute," provides that the federal courts have jurisdiction over claims against the "United States or any agency thereof or any officer (**or any person acting under that officer**) of the United States or any agency thereof sued in an individual capacity for any act under color of such office." 28 U.S.C. §1442(a)(1)(emphasis added); see also New Jersey Department of Environmental Protection v. Dixo Company, Inc., No. 06-CV-1041, 2006 WL 2716092 (D.N.J. September 22, 2006) ("Dixo Company").

Both parties agree that a defendant seeking removal pursuant to §1442(a)(1) must establish the following four elements: (1) that the defendant is a person within the meaning of the statute; (2) that the defendant must be an officer of the United States or an agency thereof, or must have been acting under the direction of an officer of the United States or agency thereof; (3) that the defendant raises a colorable federal defense; and (4) there must be a causal connection between the activities carried out under federal authority and the plaintiff's claims. Feidt v. Owens Corning Fiberglass Corp., 153 F.3d 124, 127 (3d Cir. 1998). This standard is commonly referred to as the "Feidt test." Dixo Company, Inc., 2006 WL 2716092, at *1. As in general removal proceedings under 28 U.S.C. §1441(a)(1), the burden of establishing the propriety of removal rests with the removing party. Feit, 153 F.3d at 127.

When actual federal officers are seeking removal, the right of removal is liberally construed. See New Jersey Department of Environmental Protection v. Exxon Mobil Corp., 381 F.Supp. 2d 398, 403 n.5 (citing Arizona v. Manypenny, 451 U.S. 232 (1981)). However, a private party seeking removal "bear[s] a special burden of establishing the official nature of [its] activities." See Exxon Mobil, 381 F.Supp. 2d at 403 n.5 (quoting Freiberg v. Swinerton & Wallberg Prop. Svcs., Inc., 245 F.Supp. 2d 1144, 1150 (D.Colo. 2002); Dixo Company, Inc., 2006 WL 2716092, at * 2. There is no dispute that CBS is a private actor seeking removal. The parties do

not dispute that CBS is a person within the meaning of the statute. The Court will address the remaining Feidt elements in light of the removal standard applicable to private actors.

To support removal under §1442(a)(1), the defendant must assert a colorable defense under federal law. Feidt, 153 F.3d at 127. To meet this requirement, a defendant need not establish that a "claimed defense is meritorious, but only whether a 'colorable' claim to such a defense has been made." Fung v. Abex Corp., 816 F. Supp. 569, 573 (N.D.Cal. 1992); Kircher v. Putnam Trust Fund, 126 S.Ct. 2145, 2155 n.12 (2006). Questions regarding the merits of an asserted defense are distinct and have no connection to the question of jurisdiction. Mesa v. California, 489 U.S. 121, 129 (1989). CBS offers three defenses claimed to be colorable: official immunity pursuant to the Federal Tort Claims Act, the government contractor defense, and federal preemption based on the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 ("CERCLA").

The Court finds that defendant has asserted a colorable federal defense. Without commenting on the merits of the defenses, CBS's work for the federal government on the Manhattan Project from 1941-1943 is sufficient to make the federal defenses "colorable."

The final two requirements for removal: that the defendants were acting under

the direct control of federal officers, and that there was a causal nexus between the directions of the officers and the disposal in question, are best analyzed simultaneously. Exxon Mobil, 381 F.Supp. 2d at 403, n.7. A defendant seeking removal is generally required to "demonstrate that the federal officer had '**direct and detailed control**' over the litigated activity." Dixo Company, Inc., 2006 WL 2716092, at *2 (citing Exxon Mobil, 381 F.Supp. 2d at 404)(emphasis added). More simply stated:

> **[r]emoval must be predicated upon a showing that the acts forming the basis of the state suit were performed pursuant to an officer's direct order or comprehensive and detailed regulations. By contrast, if the corporation establishes only that the relevant acts occurred under the general auspices of federal direction then it is not entitled to §1442(a)(1) removal.**

Dixo Company, Inc., 2006 WL 2716092, at *2 (citing Good v. Armstrong World Indus., Inc., 914 F.Supp.1125, 1128 (E.D.Pa. 1996))(emphasis added)(citations omitted). Plaintiffs' claims in the state suit are related to the disposal and discharge of waste at the Bloomfield site. (Cmpl. ¶26). Thus, to support removal jurisdiction, the discharge or disposal of waste at the site must have been performed "pursuant to an officer's direct orders or comprehensive regulations." Dixo Company Inc, 2006 WL 2716092, at * 2.

5

In opposition to plaintiffs' motion, defendant submitted the declaration of historian, Jack M. Holl (hereinafter the "Holl Decl."). Dr. Holl relies on various sources, including a number of books on the project, documents collected from Westinghouse, and documents retrieved from the National Archives, to reach his "conclusions" as to defendant's activities at the site. (Holl Decl.¶ 3). While the assertions in the declaration demonstrate general federal involvement in defendant's production and manufacturing in Bloomfield during the two years, it fails to evidence the detailed federal control of waste disposal required to meet this prong of the Feidt test.

Defendants contention that there was "direct and detailed control" over waste disposal from 1941-1943 is based on rather general federal contacts. These include federal security provided for the site (Holl Decl. ¶37), inspection visits by government officials related to progress of the project and enforcement of safety requirements (Holl Decl. ¶21, ¶46), and a letter about the moving of an incinerator (Holl Decl. ¶59). These contacts are entirely insufficient to support the level of direct federal control required by the statute. CBS also refers to a two-paragraph letter from the War Department asking that any "wastage and byproducts [...] including floor sweepings be saved and stored in barrels and not be thrown away." (Holl Decl. ¶ 57, Ex. 45). A seemingly identical instruction was apparently given to the removing party

in <u>Dixo Company</u> and it was clearly held to not satisfy the removing party's burden that it acted under the direction of a federal officer in discharging hazardous substances. <u>Dixo Company</u>, 2006 WL 2716092, at *3.  Similarly, the general request to save "wastage" falls far short of the direct federal control required for removal pursuant to the statute.

<u>Dixo Company</u> is a remarkably analogous case. There, the Honorable Stanley R. Chesler adopted the Report and Recommendation of Magistrate Judge Patty Shwartz to remand the case.  On comparable facts, the Court held that the Atomic Energy Commission's ("AEC") approval of cleanup and burial of waste on the property in question was insufficient to establish direct and detailed control over the specific discharges at issue. <u>Id.</u> In <u>Dixo Company</u>, the facts alleged to support direct federal control were far more extensive than here. However, Judge Chesler concluded:

> Even viewing this evidence in the light most favorable to [the removing party], this Court concludes that, at best, it may be interpreted as showing that [the removing party] was acting under the **general auspices of the government, a showing which falls far short of what it required to establish federal officer removal jurisdiction. (Emphasis added)**

Id. Ultimately, the court concluded that because the AEC required the movant to segregate and store certain wastes simply was not indicative of the "specific discharges for which plaintiff complains." Id.

CBS argues that this reasoning would require it to admit to wrongdoing in order to support federal jurisdiction. The Court disagrees. Defendant is not required to admit any wrongdoing to support jurisdiction. See Willingham v. Morgan, 395 U.S. 402, 408 (1969). However, defendant is required to show, pursuant to its "special burden," that any discharge or disposal was the result of a direct order by a federal officer. CBS has failed to set forth any direct order or detailed procedure from a federal officer under which discharge or disposal of waste was to occur on the site, and has thus failed to meet its burden to qualify for federal officer removal.

## CONCLUSION

For the foregoing reasons it is respectfully recommended that plaintiff's motion to remand this action to the Superior Court of New Jersey be **granted.**


Dated: November 3, 2006

                                          /s/   Mark Falk
                                       **MARK FALK**
                                       **United States Magistrate Judge**

Orig.: Clerk of the Court
cc:    Hon. Harold A. Ackerman, U.S.D.J.
        Parties